DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | CASE NO. 3:04 CV 7205 |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Gregg Battersby, et al., | ) | |
| | ) | |
| Defendant(s). | ) | |
| | ) | |

Before the Court is the motion of defendant Amy Battersby (Doc. No. 71) to stay prosecution of this action against her pending resolution of her request for "innocent spouse relief" filed with the Internal Revenue Service ("IRS"). The United States has filed a response (Doc. No. 74) and Ms. Battersby has filed a reply (Doc. No. 78).[1]

In this action brought pursuant to 26 U.S.C. §§ 7401, 7403, the United States seeks to reduce to judgment certain assessments for federal income taxes, interest and penalties made jointly against defendants Amy Battersby and Gregg Battersby for tax years 1991 through 1994. The United States has also brought tax claims against Gregg Battersby individually for 1989, 1990, and 1995 through 2000. The United States seeks to foreclose its tax liens on two properties, the Mentor Property owned by Gregg Battersby and the Kirtland Property owned jointly by Amy Battersby and Gregg Battersby.[2]

---

[1] The United States has also filed a motion to dismiss Amy Battersby's claim of dower rights. (Doc. No. 80). This motion has not yet been fully briefed and is not addressed herein.

[2] The United States has also instituted a separate action in Florida over a third parcel, the Florida Property. Amy Battersby has no interest in that property.

(3:04 CV 7205)

In an amended answer, Amy Battersby has asserted an innocent spouse defense under 26 U.S.C. § 6015.[3] On May 15, 2005, she also filed with the IRS a request for innocent spouse relief based on 26 U.S.C. § 6015(b) and (f).[4] She now seeks to stay the proceedings against her until that innocent spouse request is resolved.[5]

The United States has filed a response to Amy Battersby's motion (Doc. No. 74) wherein it agrees that the action should be stayed, but only as to <u>her</u> tax liability. The United States wishes to proceed with respect to its claims against Gregg Battersby and asserts that any proceeds of a sale attributable to the interest of Amy Battersby in the Kirtland Property may be escrowed. The United States also wishes to be allowed to conduct discovery of Amy Battersby as part of its foreclosure action against Gregg Battersby, if it appears she may have knowledge of any relevant or discoverable facts.

---

[3] A person might be eligible for this form of tax relief if all of the following conditions are met: (1) a joint return has been made for a taxable year; (2) on such return there is an understatement of tax attributable to erroneous items of one individual filing the joint return; (3) the other individual filing the joint return establishes that in signing the return he or she did not know, and had no reason to know, that there was such understatement; (4) taking into account all the facts and circumstances, it is inequitable to hold the other individual liable for the deficiency in tax for such taxable year attributable to such understatement; and (5) the other individual elects the tax relief benefits not later than the date which is two years after the date collection activities have begun with respect to the individual making the election. 26 U.S.C. § 6015(b)(1).

[4] Section 6015(b) provides a procedure whereby a joint filer may obtain relief from liability and Section 6015(f) provides for equitable relief if no relief is available under (b).

[5] Under 26 C.F.R. § 1.6015-7(c)(1), any and all proceedings must be stayed while an innocent spouse request is pending and for 90 days after such request has been denied (to allow time for an appeal to the Tax Court), unless the IRS determines that collection will be jeopardized by delay.

2

(3:04 CV 7205)

Amy Battersby argues, in reply (Doc. No. 78), that she is the 50% joint owner of the Kirtland Property, where she and Gregg Battersby have resided since 2002, and that the United States should not be permitted to sell her interest in that property prior to a determination by the IRS on the merits of her innocent spouse request.  She argues that, because she operates a horse breeding and boarding business at the Kirtland Property, she will be significantly prejudiced by a forced sale of the property whereas the United States would not be prejudiced by a stay.[6]  She notes that, since there are two other properties, i.e, the Mentor Property also at issue in this case and the Florida Property at issue in a separate foreclosure action filed by the United States in Florida, the United States can first proceed against those two properties to satisfy Gregg Battersby's individual tax liabilities, while she awaits a ruling on her innocent spouse request.  Amy Battersby asserts that the stay should preclude any discovery against her for the years 1991 through 1994.

The Supreme Court has held that 26 U.S.C. § 7403, the statute under which the plaintiff here has sued, does grant power to a federal district court to order the sale of a family home in which a delinquent taxpayer has an interest even though the taxpayer's spouse also has an interest but does not owe any of the indebtedness.  <u>United States v. Rodgers</u>, 461 U.S. 677, 680 (1983).  The United States claims that Amy Battersby is jointly and severally liable with Gregg Battersby for unpaid taxes for 1991 through 1994 and that Gregg Battersby is individually liable for unpaid taxes for 1989, 1990 and 1995 through 2000.  However, if Amy Battersby is granted

---

[6] The Kirtland Property is approximately 23 acres.  It has horse stables and other structures located on it.

3

(3:04 CV 7205)

innocent spouse relief, she would essentially be deemed non-delinquent, i.e., not liable for any of the indebtedness.

> In Rodgers, the Court noted as follows:
>
> > Although we have held that the Supremacy Clause allows the federal tax collector to convert a non-delinquent spouse's homestead estate into its fair cash value, and that such a conversion satisfies the requirements of due process, we are not blind to the fact that in practical terms financial compensation may not always be a completely adequate substitute for a roof over one's head. Cf. United States v. 564.54 Acres of Land, 441 U.S. 506, 510- 513, 99 S.Ct. 1854, 1856-1858, 60 L.Ed.2d 435 (1979).

Rodgers, 461 U.S. at 703-04. The Court noted that "some limited room is left in the statute [§ 7403] for the exercise of reasoned discretion." Id. at 706. It outlined a "fairly limited set of considerations [which] will almost always be paramount[,]" id. at 710, when deciding whether to order a forced sale of property. These include: (1) the extent to which the government's financial interests would be prejudiced if it were relegated to a forced sale of the partial interest actually liable for the delinquent taxes; (2) whether the third party with a non-liable separate interest in the property would, in the normal course of events have a legally recognized expectation that that separate property would not be subject to forced sale by the delinquent taxpayer or his or her creditors; (3) the likely prejudice to the third party, both in personal dislocation costs and in the sort of practical undercompensation described in the quote supra, and (4) the relative character and value of the non-liable and liable interests held in the property.

After considering these four factors, the Court concludes that, for now, while she awaits a determination on her request for innocent spouse relief, the equities weigh in favor of staying the action against Amy Battersby and staying any proceedings against the Kirtland property even to

4

(3:04 CV 7205)

satisfy the individual liability of Gregg Battersby. There is no harm to the government in permitting it to proceed only against the Mentor property, especially since it is also proceeding against additional property in Florida owned by Gregg Battersby.

The Court reserves the right to revisit this stay order upon its own or a party's motion.

The Court will permit the government to conduct discovery of Amy Battersby as it relates to her knowledge relating to claims against Gregg Battersby.

Accordingly, Doc. No. 71 is granted in part and denied in part. This action is stayed as regards Amy Battersby and the Kirtland property; however, discovery relating to claims against Gregg Battersby may be directed to Amy Battersby during the stay.

IT IS SO ORDERED.


  September 28, 2005                    *s/ David D. Dowd, Jr.*
Date                                     David D. Dowd, Jr.
                                         U.S. District Judge