IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,              Case No. 3:04 CV 7205

-vs-

                                        MEMORANDUM OPINION

GREGG BATTERSBY, et al.,

                Defendant.

KATZ, J.

The Court today addresses several motions filed in this case in recent weeks. The United States moves for an order directing Gregg Battersby to withdraw his recent motion filed in state court urging that court to retain jurisdiction, and to preclude him from making any similar filings in the future (Doc. Nos. 115, 122). Battersby moves to extend the discovery deadline and to compel discovery and production of documents (Doc. No. 118), urges the Court to "change prior rulings" and dismiss this case for lack of subject-matter jurisdiction (Doc. No. 119), and moves to stay proceedings pending the outcome of his appeal to the Sixth Circuit of this Court's order exercising prior exclusive jurisdiction over certain of Battersby's properties (Doc. No. 123).

The Government's motion for an order directing Battersby to withdraw his state court filing is withdrawn; its motion to preclude him from making future filings is granted. Battersby's motion to extend discovery and motion to compel are denied as moot. His motion urging the Court to change prior orders and dismiss the case is denied. Finally, Battersby's motion for a stay pending appeal is granted.

**BACKGROUND**

On February 24, 2006, Judge David D. Dowd, to whom this case was previously assigned, ruled that this Court has prior exclusive jurisdiction over certain properties owned by Defendants that were the subject of foreclosure and sale orders issued by the Lake County, Ohio, Court of Common Pleas in the case of *McCord v. Battersby*, No. 96CV001856 (Ohio C.P. 1996). (Doc. No. 103). Judge Dowd held that those orders were void. *Id*.

Defendant Gregg Battersby nevertheless filed a motion in the *McCord* case, asking the state court to retain jurisdiction. The United States then asked this Court to order Mr. Battersby to withdraw that motion and to order him to refrain from filing similar motions in the future. On April 7, 2006, before this Court had a chance to rule on the Government's motion, the state court denied Battersby's motion to retain jurisdiction. Consequently, the United States has withdrawn its motion to order Battersby to withdraw his own motion, which this Court accepts. *See* (Doc. No. 122, at 3 n.2).

Battersby and his father Jack, who is also a Defendant in this case, have separately appealed Judge Dowd's February 24, 2006, order. Additionally, in this case, Battersby has filed a motion to extend and compel discovery, a motion to change prior rulings and to dismiss, and a motion to stay proceedings pending appeal.

**DISCUSSION**

*A. Government's Motion for Injunction*

The Government still seeks an injunction prohibiting Battersby from making any future filings in the *McCord* case without prior permission from this Court. A federal court may enjoin state court proceedings (including enjoining the parties from proceeding in state court) "where

2

necessary in aid of its jurisdiction." *See* 28 U.S.C. § 2283. As the United States points out, filings by Mr. Gregg Battersby in the *McCord* case interfere with this Court's prior exclusive jurisdiction over the subject properties and creates the danger of conflicting rulings.[1] Therefore, the motion of the United States for an order precluding Gregg Battersby from filing papers in the *McCord* case (Docs. No. 115, 122) is granted. Gregg Battersby shall not file any papers in the case of *McCord v. Battersby*, No. 96CV001856 (Ohio C.P. 1996), without this Court's permission, for so long as this Court's order relating to prior exclusive jurisdiction remains in effect.

*B. Battersby's Motion for Extension of Discovery and to Compel Discovery*

Battersby has moved for an extension of the discovery period and to compel discovery relating to the jurisdictional issue that Judge Dowd determined in his order of February 24, 2006. The Court agrees with the United States that Battersby's motion is moot, in light of that order and the recent production of documents the United States has made. The motion is therefore denied.

*C. Battersby's Motion to Change Prior Rulings and to Dismiss*

Battersby also asks the Court to change its prior rulings and to dismiss this case. Battersby already filed one motion for reconsideration of the February 24, 2006, order, which Judge Dowd denied. (Doc. Nos. 106, 108). Additionally, Battersby and his father Jack have appealed that order to the Sixth Circuit. The matter is now in the hands of the Court of Appeals. Battersby's motion is denied.

*D. Battersby's Motion to Stay Pending Appeal*

---

[1] As the Government points out, paragraph two of Judge Dowd's February 24, 2006, order, which required all filings in the *McCord* case to be served on this Court, related explicitly and solely to Jack Battersby and filings made by him. Paragraph two does not contemplate, nor does it authorize, Gregg Battersby to initiate filings in the state case.

In light of the appeals filed in this case by Gregg Battersby and Jack Battersby, relating to this Court's jurisdiction over the subject properties, this Court grants Gregg Battersby's motion to stay proceedings pending the ruling of the Sixth Circuit. All previously set dates are hereby vacated.

## CONCLUSION

The motion of the United States for an injunction (Doc. Nos. 115, 122) is granted. Defendant Gregg Battersby is hereby enjoined from filing any papers in the case of *McCord v. Battersby*, No. 96CV001856 (Ohio C.P. 1996), without prior permission from this Court, for as long as this Court's order relating to prior exclusive jurisdiction remains in effect. Defendant Gregg Battersby's motion to extend the discovery period and to compel discovery (Doc. No. 118) is denied as moot. Defendant Gregg Battersby's motion to change prior orders and dismiss (Doc. No. 119) is denied. Defendant Gregg Battersby's motion to stay proceedings (Doc. No. 123) is granted. All previously set dates are hereby vacated, pending the ruling of the Sixth Circuit Court of Appeals on the appeals filed by Defendants Jack Battersby and Gregg Battersby.

IT IS SO ORDERED.

   s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE